NUMBER 13-05-288-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 


                                                                                                     


EARL GONZALES,                                                                          Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

                                                                                                      

On appeal from the 25th District
Court 

of Gonzales County, Texas.

                                                                                                    


MEMORANDUM OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Garza

                        Memorandum
Opinion by Justice Rodriguez

 








Appellant, Earl Gonzales, was convicted by a jury of
three counts of aggravated sexual assault of a child and two counts of
indecency with a child.  See Tex. Pen. Code Ann. '' 21.11, 22.021 (Vernon 2003).  The jury sentenced appellant to thirty years'
confinement for each count of aggravated sexual assault and twenty years'
confinement for each count of indecency, with the sentences to run
concurrently.  The trial court has certified
that this is not a plea-bargain case, and the defendant has the right of
appeal.  See Tex. R. App. P. 25.2(a)(2).  In a single point of error, appellant
contends that he was denied the effective assistance of trial counsel.  We affirm.

I.  Background

Because the issues of law presented by this case are
well settled and the parties are familiar with the facts, we will not recite
the law or the facts except as necessary to advise the parties of the Court=s decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

II. 
Assistance of Counsel

By his sole point of error, appellant contends that
he was denied effective assistance of counsel.

A.  Standard
of Review








The standard of review for an ineffective assistance
of counsel claim is well-established. 
Appellant must show that (1) counsel=s
performance was deficient and (2) the deficient performance prejudiced the
defense.  Strickland v. Washington,
466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.
Crim. App. 1986).  We must indulge a
strong presumption that counsel=s conduct fell within a wide range of reasonable
professional assistance; that is, the defendant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound
trial strategy.  Strickland, 466
U.S. at 689.  To carry this burden,
appellant must demonstrate that counsel=s performance fell below an objective standard of
reasonableness under prevailing professional norms, and that there is a
reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Id. at 694.  Whether this burden has been met is to be
judged by the totality of the representation, not by isolated acts or
omissions.  Rodriguez v. State,
899 S.W.2d 658, 665 (Tex. Crim. App. 1995). 
As a reviewing court, we must make every effort to eliminate the
distorting effects of hindsight and to evaluate the conduct from counsel's
perspective at the time.  Strickland,
466 U.S. at 689.

B.  Analysis

By his sole point of error, appellant contends that
he was denied effective assistance of counsel. 
More specifically, appellant claims that his counsel=s assistance was ineffective because he failed to
interview or call the following four witnesses whose testimonies, he asserts,
would have supported counsel=s defense strategy: Scott Trammel (Trammel), Ellie
Kitchens (Kitchens), Tina Gonzales (Tina), and Leticia Dunn (Dunn).[1]  








It is settled law that counsel has a duty to make
reasonable investigations or to make a reasonable decision that makes
particular investigations unnecessary.  Strickland,
466 U.S. at 691.  In any ineffectiveness case,
a particular decision not to investigate must be directly assessed for
reasonableness in all the circumstances, applying a heavy measure of deference
to counsel's judgments.  Id. at
691.  Therefore, we now review
appellant's specific challenges.

Appellant first contends counsel should have
interviewed and called Trammel, Tina's ex-boyfriend, because he could have
testified that Tina, the victim's mother and outcry witness, had falsely
accused him of rape.  Although counsel
testified he was aware of Trammel=s potential testimony, he also testified that he did
not interview or call Trammel because doing so would not further his defense
strategy.  

Next, appellant contends that counsel should have
interviewed and called Kitchens, the victim=s
pre-school teacher, because she could have testified as to a conversation she
had with the victim.[2]  However, the record demonstrates that
Kitchens failed to come forward about this conversation until after the trial
was concluded.  Moreover, counsel
testified that he did not interview or call Kitchens because interviewing or
calling the victim's teachers was not part of the defense strategy.

In addition, appellant asserts that counsel should
have interviewed Tina, although appellant does not indicate what Tina's
testimony would have revealed.  Counsel
testified that while he attempted to contact Tina, she repeatedly refused to
speak with his investigator.  While
counsel did not interview Tina, the record demonstrates she testified as a
State's witness and counsel cross-examined her during  the trial.








Finally, appellant asserts that counsel should have
interviewed and called Dunn, appellant's ex-wife, because she could have
testified that Tina had falsely reported to Child Protective Services (CPS)
that Dunn had been molested by her own father. 
However, Dunn testified that there was no proof that Tina was the person
who had made the false report to CPS. 
Furthermore, counsel testified that his investigator had interviewed
Dunn and that he chose not to call her because her testimony might have been
harmful to appellant.

The hearing on the motion for new trial, as
discussed above, revealed the reasoning behind the decisions of counsel not to
interview or call each of the witnesses identified by appellant.  We find that counsel's decision not to interview
three of the four potential witnesses was reasonable in light of all the
circumstances.[3]  See Strickland, 466 U.S. at 691.  Furthermore, we find that counsel's decision
not to call three of the four potential witnesses was reasonable, considering
his trial strategy.[4]  See id. at 689.  Therefore, we conclude appellant has not
overcome the presumption that counsel=s conduct fell within a wide range of reasonable
professional assistance.  See id.
at 689.  Thus, appellant has failed to
satisfy the first prong of the Strickland test.  Because appellant has failed to satisfy the
first prong of the test, we need not address the second prong.  See id. at 688.  We overrule appellant=s sole point of error.








III. 
Conclusion

Accordingly, we affirm the judgment of the trial
court.       

 

NELDA V.
RODRIGUEZ

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and 

filed this 29th
day of June, 2006.











[1]We note that there is a conflict
between what appellant contends to have been trial counsel's strategy and what
counsel testified to regarding his defense strategy.  Appellant suggests counsel's strategy was to
undermine the credibility of the outcry witness.  However, counsel testified at the hearing on
motion for new trial that his defense strategy was focused on showing that the
assault did not happen by discounting the prosecution's expert witness and
showing that there was no opportunity for the crime to have taken place.





[2]Kitchens stated in an affidavit and
at the hearing on motion for new trial that the victim approached Kitchens and
said that her daddy did something bad. 
Kitchens also stated that the victim said "my momma said he did
something bad to me and that I wasn't allowed to talk to him anymore."





[3]We note that while appellant claims
counsel did not interview Dunn, the record demonstrates that counsel's
investigator interviewed Dunn.





[4]We note that appellant claims that
counsel should have called Trammel, Kitchens, and Dunn.  Appellant does not assert that counsel should
have called Tina, as she served as a State's witness.